UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN TUCKER, | ) | CASE NO. 4:10 CV 734 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERIC HOLDER, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Melvin Tucker filed this *Bivens*[1] action against United States Attorney General Eric Holder, Elkton Federal Correctional Institution ("FCI Elkton"), Warden Shartle, FCI Elkton Assistant Warden J. Lorenzini, FCI Elkton Assistant Warden Bill Story, FCI Elkton Captain Fitzgerald, "SIS Lieutenant" B. Butts, FCI Elkton Chief Psychologist Dr. Clifford, and Jane and John Does. In the complaint, plaintiff alleges he was assaulted by another inmate. He seeks monetary relief.

**Background**

Mr. Tucker alleges he was attacked by an inmate who suffered from mental illness. He contends that on April 19, 2009, he was approached in the activity room of FCI Elkton by another inmate, Robert Gibson. Mr. Tucker alleges that Mr. Gibson is a very tall and heavy man who has a history of mental illness marked by violent outbursts. Mr. Gibson accused Mr. Tucker of whistling at him. Mr. Tucker states the barracks were quiet. He claims Mr. Gibson became agitated and tried to trap him between a set of metal bleachers and the cinder block walls. Mr.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

Tucker attempted to evade the maneuver but was struck with a closed fist before he could move into position. He states he feared for his life and pushed Mr. Gibson away from him. The push caused Mr. Gibson to fall. Mr. Tucker claims he ran for an office to find corrections officers. Mr. Gibson regained his footing and chased after him. Mr. Tucker made it to the office and closed the door, bracing it with his body. He claims Mr. Gibson began to pound savagely on the door. Corrections Officer Skoolcraft was in the office and telephoned for assistance. Other inmates approached Mr. Gibson and calmed him down. Mr. Tucker states that officers on the scene did not immediately restrain Mr. Gibson. Mr. Tucker was questioned about the incident, and was taken to the segregation unit.

Mr. Tucker alleges that prison officials knew of Mr. Gibson's mental illness and violent tendencies. He contends the Warden, the Psychology Department, the SIS Department, and his unit team were aware of Mr. Gibson's condition, knew of attacks on other inmates and should have known that releasing Mr. Gibson into the general prison population would place inmates and staff in danger. Mr. Tucker claims the Defendants ignored their obligation to protect him.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*,

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997);
(continued...)

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Plaintiff's claims against United States Attorney General Eric Holder, FCI Elkton Assistant Warden Lorenzini and FCI Elkton Assistant Warden Bill Story are dismissed pursuant to §1915(e).

Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim for relief, the inmate must show: (1) that he is incarcerated under conditions which pose a serious risk of harm; and (2) that the official acted with a sufficiently culpable state of mind with regard to the inmate's health or safety. *Id.* The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991).

While Mr. Tucker contends that Warden Shartle and Dr. Clifford were aware of Mr. Gibson's alleged mental illness, there are no allegations in the Complaint against any of the other Defendants. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of

---

(...continued)
*Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

a cause of action will not meet this pleading standard *Id*. The Complaint does not contain allegations suggesting Attorney General Eric Holder, Assistant Warden Lorenzini, Assistant Warden Bill Story, Captain Fitzgerald, or Lieutenant Butts were deliberately indifferent to his safety.

## Conclusion

Accordingly, the claims against Attorney General Eric Holder, Assistant Warden Lorenzini, Assistant Warden Bill Story, Captain Fitzgerald, and Lieutenant Butts are dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This case shall proceed solely against Warden Shartle and Dr. Clifford. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

Dated: August 24, 2010            *s/John R. Adams*
                                  JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.